UNITED STATES MORTGAGE AND TRUST CO. v. M. M. WOOD, ET AL.

1. ALLEGATIONS TO ENFORCE MECHANIC'S LIEN.
    The petition in an action to enforce a mechanic's lien, under sec. 3184, Rev. Stat., must allege that the labor was performed or the materials furnished under contract with the owner of the premises.

2. FAILURE TO ALLEGE MATERIAL FACTS—PRACTICE.
    The failure to allege such material and essential fact is available on error in the circuit court, without demurrer, motion, or other objection to the sufficiency of the pleading in the court below.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

An action was brought in the court below by Harvey Scribner, as trustee, against The United States Mortgage &. Trust Company, Lyman W. Wachenheimer and others, to foreclose a mortgage upon certain property, the legal title to which appeared to be in Mr. Wachenheimer. M. M. Wood, one of the defendants, filed an answer and cross-petition, setting up mechanic's liens upon the premises. A decree was entered upon the cross-petition of Wood in this language:

"This cause coming on to be heard on the cross-petition of M. M. Wood and the defendant being in default for answer, the court find that the statements contained in said cross-petition are true and that there is due to the said defendant M. M. Wood, on account of materials furnished and labor performed by Justus M. Groenwald, the assignor of the

said M. M. Wood, as set forth in said cross-petition, the sum of three hundred and fifty and 8-100 dollars ($350.08) and that the same is a lien on the premises described in the said cross-petition, by reason of the mechanic's lien therein described, and recorded in Vol. 10 of Mechanics' Liens, page 122, of the county record of liens of Lucas county, Ohio, and that the said M. M. Wood is entitled to have the said lien enforced." Then follows a decree that the premises shall be sold free and clear of all incumbrances and liens.

It is conceded that even if this alleged mechanic's lien were a valid lien upon the premises, it is not the first lien, but that the United States Mortgage and Trust Company have a mortgage, for a large amount, upon the premises, which is the first lien. It appears that the debt to the United States Mortgage & Trust Company was not due, and that that company did not desire to have any of these liens foreclosed and the premises brought to sale, because it did not desire to have its loan terminated. The money was out at a satisfactory rate of interest, for a considerable term, and it desired to leave it in that way; so that it objected to this decree being entered upon the cross-petition of Wood, for the foreclosing of this mechanic's lien, and, therefore, the United States Mortgage & Trust Company prosecutes error here, and it says that there is error in the decree, because the cross-petition of Wood does not state a cause of action in that it does not state that the labor performed and materials furnished, on account of which Wood claimed this mechanic's lien, were furnished for the *owner*, or under contract with the *owner* of the premises.

It is conceded that under the act of April 13, 1894, in 91 O. L., 135, this averment would not be necessary. But that law has been held unconstitutional by the Supreme Court; and, notwithstanding a different opinion by one of the federal courts—perhaps the circuit court of appeals—the courts in this state, including this court, have been following the decision of our own Supreme Court on that question. And it was held by this court in Whitney, assignee, v. Gill, 8 Circ. Dec., 450, that because of that amendment of April 13, 1894, being unconstitutional and void, the repealing clause therein was ineffective to repeal the law in force at the time of its passage, and that the law as it stood before was still in force.

It was said by counsel in argument, that in the case of St. Paul's M. E. Church v. Gorman Bro., 10 Circ. Dec., 103, decided by this court last June, this court expressed an opinion not consistent with our holding in Whitney, assignee, v. Gill. *supra*: That this court had proceeded and entered up a decree under this act of April 13, 1894, as if that were the law in force; but if counsel will look at the opinion or consider the judgment in that case, they will find that their view of the holding of this court in that case is not correct. That opinion was based upon the old law, and the decree was entered up under the old law, and no such decree could have been entered under the amendment of April 13, 1894. It was a proceeding to reach funds in the hands of the owner, due to the head contractor.

The question that is presented to us here is whether this petition is sufficient to state a cause of action under the old law, sec. 3184, Rev. Stat. That question is decided distinctly in Chapman v. Bolton Steel Co., 2 Circ. Dec., 523, the decision being by the circuit court of the fifth circuit. Judge Beer, of the third circuit, however, sat in the place of Judge Jenner, who was absent.

It will be observed that there is no averment in this cross-petition that this labor was performed or these materials furnished under a contract with the owner of the premises, nor is there any averment equivalent to that; it averred that they were furnished under a verbal contract; with whom, is not stated. This precise point was involved in Chapman v. Bolton Steel Co., *supra.*

I read the syllabi:

"C., a resident of Stark county, was served with a summons in that county in an action brought by B. in Fairfield county upon a lien for material furnished, under sec. 3184, as amended, 84 Ohio L., 6, for the erection of a derrick to be used in boring for gas upon the premises of the Amanda Gas Co. The petition contained two causes of action, (1) upon an account for material furnished, and (2), for the foreclosure of a lien. A judgment was rendered upon the first cause of action only, and an execution issued thereon, and levied upon the real estate of C. in Stark county. The second cause of action in the petition did not aver that the material was furnished under a contract with the owner of the premises: Held,

"(1) That said second cause of action was insufficient; that the facts alleged did not create a lien upon the premises of the Amanda Gas Co. in favor of B. for such material.

"(2). That the petition failing to state a cause of action for the foreclosure of a lien and sale of real estate, under sec. 5022, the court did not acquire jurisdiction of the subject matter of the action, nor of the person of C., by service of summons upon him in Stark county, and that the judgment rendered on the first cause of action was void."

In that case, as in this, the matter went to judgment before any question was raised as to the sufficiency of the petition. There was no demurrer, or motion, or fault found with the pleading before decree, nor with the decree until error was prosecuted to reverse it. We think that holding was correct; the statute expressly requires that in order to obtain a lien, the contract must be with the owner of the premises, and the petition should allege that material and essential fact ; and so holding, the judgment will be reversed and the cause remanded.

*Swayne, Hayes & Tyler*, for plaintiff in error.

*E. W. Tolerton*, for defendants in error.

---

# NEGLIGENCE—RAILROADS.

[Cuyahoga Circuit Court, December 4, 1899.]

Caldwell, Hale and Hull, JJ.

(Hull, J., sitting in place of Marvin, J.)